# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **KHALIL WILLIAMS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **V.** ) | |
| ) | |
| **HOUSING OPPORTUNITIES** ) | **JURY DEMAND** |
| **FOR PERSONS WITH** ) | |
| **EXCEPTIONALITIES,** ) | |
| ) | |
| **DEFENDANT.** | |

## COMPLAINT

**I.   INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and through 42 U.S.C. Section 1981.

**II.   JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's

choice-of venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed his lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the EEOC.

## III. PARTIES

4. Plaintiff, Khalil Williams, is an African-American male, a citizen of the United States, and a resident of the State of Alabama.

5. Defendant is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## IV. FACTS

6. Plaintiff has worked for Defendant, an operator of group homes for the mentally disabled, on two occasions, most recently from around 2011 to around May 5, 2016.

7. Plaintiff's job was direct care giver, typically working on the third or overnight shift at one if Defendant's group homes. His supervisor was Deborah Smith, who is white.

8. Plaintiff performed his job well and was never written up.

9. On Wednesday, May 6, 2016, Ms. Smith called Plaintiff and asked him if he could work on Thursday night, May 5, 2016. Plaintiff told her he could not because he was attending the graduation ceremony for his school program.

10. On Thursday, Plaintiff met with Ms. Smith, and she showed me him that he had signed a paper when he was hired which stated that he would agree to work if requested, if he was available to work.

11. Plaintiff reiterated that he could not work Thursday night because his graduation started at 6:00 PM. Ms. Smith then asked him to come at 10:00 PM, and Plaintiff told her that he could not because his family was going to celebrate his graduation with dinner.

12. Ms. Smith told Plaintiff that if he did not come back at 10:00 p.m., he should not come back to work at all. Plaintiff asked for a copy of the paper he had signed.

13. At this point, Ms. Smith became angry and said she could not stand Plaintiff's "black ass" and she used the "f" word several times in that conversation. She ended the conversation by slamming her office door, locking it and telling Plaintiff not to come back to work.

14. Ms. Smith has shown racial prejudice towards Plaintiff in the past. For example, he had to do personal work for her at her home painting the deck.

When he asked to use the bathroom she made him go to the bathroom outside.

15. Defendant's articulated reason for terminating Plaintiff is false and/or a pretext for discrimination. And, in the alternative, even if Defendant had legitimate reasons for terminating Plaintiff, race discrimination remained at least a motivating factor in the termination decision.

## V. CAUSE OF ACTION

### COUNT I — RACIAL DISCRIMINATION

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-15 above with the same force and effect as if fully set out in specific detail herein below.

17. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by terminating him which constitutes an adverse employment action against Plaintiff.

18. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating him, race was at least a motivating factor in the adverse employment actions Defendant took against him, up to and including termination.

19. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

20. Plaintiff has no plain, adequate, or complete remedy at law to redress the

wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

21. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

22. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

2. Grant Plaintiff reinstatement into the position he would have had at the appropriate pay absent the discriminatory termination, a permanent injunction

enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating him into the position he would have occupied in the absence of race discrimination or awarding him front pay, awarding him back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

 /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESSES:**
HOUSING OPPORTUNITIES FOR PERSONS
WITH EXCEPTIONALITIES, INC.
c/o Iva Patty
1623 Ewing Ave
Gadsden, AL 35901